**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Biomedical Incorporated,<br><br>    Plaintiff,<br><br>v.<br><br>UBI-Global Group.com,<br><br>    Defendant. | No. CV-23-01088-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff United Biomedical, Inc.'s ("Plaintiff") Motion for Default Judgment, or, Alternatively, to Authorize Service by Publication ("Motion"). (Doc. 16). Defendant domain name has not appeared or filed any response. The Court now rules.

**I.    PROCEDURAL BACKGROUND**

Plaintiff is a biopharmaceutical company that owns and operates an official website at "unitedbiomedical.com" to describe their products and industries and "project a corporate image that reflects the values of its employees, management, and shareholders." (Doc. 1 at 2). Plaintiff also owns a family of registered trademarks, including the following:

>   a.    UBI (logo), United States Registration No. 1,874,947, registered on January 25, 1995 for chemical reagents for immunodiagnostic tests for scientific and research (International Class 001), and diagnostic preparations for clinical or blood banks (International Class 005), with dates of first use being at least as early as February 1991;
>   b.    UBI, United States Registration No. 1,392,831, registered on May 13, 1986 for chemical reagents for immunological

|   |   |
|---|---|
| 1 | assays (International Class 001), with a date of first use being at least as early as September 13, 1985; and |
| 2 | c. Foreign marks registration [in a list attached to the Complaint.] |

(*Id.* at 3–4). Another domain, which Plaintiff alleges infringes its registered marks, was registered as "ubi-group.global" ("Accused Domain") on September 1, 2022. (*Id.* at 4–5). The website displayed at the Accused Domain prominently displays Plaintiff's registered logo and conveys similar messaging about various of the products that Plaintiff provides. (*Id.*).

The Accused Domain's registrar is GoDaddy.com, LLC ("GoDaddy"), a company headquartered in Tempe, Arizona. (Doc. 16 at 2). The underlying registrant of the Accused Domain is kept anonymous through Domains By Proxy, LLC, another Arizona company. (Doc. 1 at 6). As a result, Plaintiff has not located any contact information for the true registrant. (*Id.*). Plaintiff has sent two separate letters, both by mail and email, to Demands By Proxy, LLC, demanding that the entity provide (1) the identity of the true registrant, and (2) that the Accused Domain be taken down. (*Id.*) Plaintiff has received no response to either letter. (*Id.*).

Plaintiff then filed this action *in rem* under the federal Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). (*See generally* Doc. 1). Subsequently, Plaintiff attempted service upon Defendant domain name by serving Defendant domain name via GoDaddy. (*See generally* Doc. 13). GoDaddy replied stating that it was unable to accept service on behalf of Defendant domain name, and that the attached documents would not be forwarded. (Doc. 16 at 3).

**II.   LEGAL STANDARD**

Service of process in the instant action is governed by 15 U.S.C. § 1125(d)(2)(A)(ii)(II). The relevant portion, with surrounding language for context, reads:

> (2)(A) The owner of a mark may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if

>>(i) the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subsection (a) or (c); and
>>(ii) the court finds that the owner--
>>(I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or
>>*(II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by--*
>>*(aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and*
>>*(bb) publishing notice of the action as the court may direct promptly after filing the action.*
>>(B) The actions under subparagraph (A)(ii) shall constitute service of process.

15 U.S.C. §§ 1125(d)(2)(A)-(B) (emphasis added). In this case, Plaintiff argues section (bb) is optional; in other words, Plaintiff argues that service by publication is required only if in its discretion the Court decides to require it.

**III.    DISCUSSION**

Plaintiff argues that it has effectively served Defendant domain name under the above statute, citing to District of Arizona cases that have found proper service in similar, but not identical, factual situations. Notwithstanding these cases, this Court will undertake to interpret the intent of the statute.

The Court's concern with Plaintiff's reading of the statute is that the events required by section (aa) above—namely, sending a notice of intent to proceed against a potential defendant via mail and email—could transpire well before an action was ever filed. Should this occur, a defendant could be defaulted the moment the action is eventually filed.[1] As such, the Court interprets the provision in section (bb) regarding service by publication as

---

[1] A plaintiff could, for example, send a defendant notice of the alleged violation and intent to proceed against the defendant (i.e., effectuate valid service if (bb) is not mandatory), then wait 22 days to file the action. As the time to answer or file motions is 21 days, the plaintiff effectively could file the action and immediately file an application for entry of default.

mandatory under this section. Although section (bb) contains discretionary language ("as the court *may* direct"), the Court finds that this language refers to the court's discretion as to the manner in which it directs publication; that is, the language anticipates, for example, the various different rules each state may have regarding service by publication. The Court therefore authorizes and requires service by publication pursuant to Fed. R. Civ. P. 4(e)(1) incorporating Ariz. R. Civ. P. 4.1(k).

### IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. 16), is **DENIED** without prejudice to refile after service by publication has been effectuated.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Authorize Service by Publication, (Doc. 16), is **GRANTED**.

Dated this 19th day of October, 2023.

James A. Teilborg
Senior United States District Judge